# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH LUIS HERNANDEZ,<br>Plaintiff,<br>v.<br>CONLEY *et al.*,<br>Defendants. | Case No. 1:26-cv-05906-BAM (PC)<br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br>(ECF No. 11) |

Plaintiff Joseph Luis Hernandez ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. On August 5, 2026, the Court screened Plaintiff's complaint and granted him leave to amend within 30 days. (ECF No. 8.) The Court also denied Plaintiff's motion for appointment of counsel. (*Id.*)

Currently before the Court is Plaintiff's request for appointment of counsel, filed on August 10, 2026. (ECF No. 11.) In support of his motion, Plaintiff asserts that he is unable to articulate his claims because he is unable to afford an attorney, he has been unsuccessful in his attempts to obtain pro bono counsel, and he had to trade another incarcerated individual food in order to get assistance in filing his claims. Plaintiff further asserts that he has a learning disability and low reading score, which prevent him from understanding the complexities of the litigation process and requirements without trained assistance. Plaintiff claims that as a result of injuries to his right wrist, he is unable to write clearly. He also claims that after being stabbed in the head

and suffering brain trauma, he is unable to focus well and hold thoughts as a result of what he believes to be a neurological deficit. Plaintiff additionally asserts that he has very little education and a legal feat is beyond his competence as a layperson. He attaches medical records and letters from attorneys in support of his position. (*Id.*)

As Plaintiff previously was informed, he does not have a constitutional right to appointed counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). *Rand,* 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The Court has considered Plaintiff's motion, but does not find the required exceptional circumstances. As with his prior motion, Plaintiff asserts that he cannot afford an attorney, has to trade food to get another incarcerated person to assist him, has an injury to his right wrist and is unable to write clearly, has brain trauma and little education. Even if it is assumed that Plaintiff has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed almost daily by indigent prisoners with no legal training and only limited education. These plaintiffs also must litigate complex cases without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits. As discussed in the August 5, 2026 screening order, Plaintiff fails to state a claim for relief. The Court therefore cannot conclude that Plaintiff's claims are likely to succeed on the merits. Further, based on a review of the record in this case,

including his motion for appointment of counsel, the Court does not find that Plaintiff cannot adequately articulate his claims. Plaintiff's medical records, attached to the motion, do not appear to establish limitations requiring the assistance of counsel. (*See* ECF No. 11 at 4-56.)

Accordingly, Plaintiff's motion for appointment of counsel, (ECF No. 11), is HEREBY DENIED without prejudice.

IT IS SO ORDERED.

Dated: **August 13, 2026**

/s/ Barbara A. McAuliffe
UNITED STATES MAGISTRATE JUDGE